# EXHIBIT C

LEXSTAT 735 ILCS 5/2-1402

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2010 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

\*\*\* STATUTES CURRENT THROUGH PUBLIC ACT 96-875 OF THE \*\*\*
2009 LEGISLATIVE SESSION
ANNOTATIONS CURRENT TO STATE CASES THROUGH DECEMBER 31, 2009

CHAPTER 735. CIVIL PROCEDURE
CODE OF CIVIL PROCEDURE
ARTICLE II. CIVIL PRACTICE
PART 14. POST-JUDGMENT

**GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

*735 ILCS 5/2-1402* (2010)

[Prior to 1/1/93 cited as: Ill. Rev. Stat., Ch. 110, para. 2-1402]

§ 735 ILCS 5/2-1402. Supplementary proceedings

  Sec. 2-1402. Supplementary proceedings. (a) A judgment creditor, or his or her successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The procedure for conducting supplementary proceedings shall be prescribed by rules. It is not a prerequisite to the commencement of a supplementary proceeding that a certified copy of the judgment has been returned wholly or partly unsatisfied. All citations issued by the clerk shall have the following language, or language substantially similar thereto, stated prominently on the front, in capital letters: "YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL." The court shall not grant a continuance of the supplementary proceeding except upon good cause shown.

  (b) Any citation served upon a judgment debtor or any other person shall include a certification by the attorney for the judgment creditor or the judgment creditor setting forth the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court, and the number of the case, and a copy of the citation notice required by this subsection. Whenever a citation is served upon a person or party other than the judgment debtor, the officer or person serving the citation shall send to the judgment debtor, within three business days of the service upon the cited party, a copy of the citation and the citation notice, which may be sent by regular first-class mail to the judgment debtor's last known address. In no event shall a citation hearing be held sooner than five business days after the mailing of the citation and citation notice to the judgment debtor, except by agreement of the parties. The citation notice need not be mailed to a corporation, partnership, or association. The citation notice shall be in substantially the following form:

"CITATION NOTICE

    (Name and address of Court)

    Name of Case: (Name of Judgment Creditor),

        Judgment Creditor v.

        (Name of Judgment Debtor),

        Judgment Debtor.

    Address of Judgment Debtor: (Insert last known address)

    Name and address of Attorney for Judgment

        Creditor or of Judgment Creditor (If no

        attorney is listed): (Insert name and address)

    Amount of Judgment: $ (Insert amount)

    Name of Person Receiving Citation: (Insert name)

    Court Date and Time: (Insert return date and time

        specified in citation)

    NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

    The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

    (1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $ 4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $ 2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $ 1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

    (2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a

residence, to the extent in value of $ 15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at (insert address of clerk). When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first class mail."

(c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(1) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed.

(2) Compel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his or her income, however or whenever earned or acquired, as the court may deem proper, having due regard for the reasonable requirements of the judgment debtor and his or her family, if dependent upon him or her, as well as any payments required to be made by prior order of court or under wage assignments outstanding; provided that the judgment debtor shall not be compelled to pay income which would be considered exempt as wages under the Wage Deduction Statute. The court may modify an order for installment payments, from time to time, upon application of either party upon notice to the other.

(3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

(4) Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

(5) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property or resign memberships in exchanges, clubs, or other entities in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment.

(6) Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon

proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

(d) No order or judgment shall be entered under subsection (c) in favor of the judgment creditor unless there appears of record a certification of mailing showing that a copy of the citation and a copy of the citation notice was mailed to the judgment debtor as required by subsection (b).

(e) All property ordered to be delivered up shall, except as otherwise provided in this Section, be delivered to the sheriff to be collected by the sheriff or sold at public sale and the proceeds thereof applied towards the payment of costs and the satisfaction of the judgment. If the judgment debtor's property is of such a nature that it is not readily delivered up to the sheriff for public sale or if another method of sale is more appropriate to liquidate the property or enhance its value at sale, the court may order the sale of such property by the debtor, third party respondent, or by a selling agent other than the sheriff upon such terms as are just and equitable. The proceeds of sale, after deducting reasonable and necessary expenses, are to be turned over to the creditor and applied to the balance due on the judgment.

(f)(1) The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the judgment creditor. The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

(2) The court may enjoin any person, whether or not a party to the supplementary proceeding, from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor not exempt from the enforcement of a judgment, a deduction order or garnishment, or the property or debt not so exempt concerning which any person is required to attend and be examined until further direction in the premises. The injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs.

(g) If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.

(h) Costs in proceedings authorized by this Section shall be allowed, assessed and paid in accordance with rules, provided that if the court determines, in its discretion, that costs incurred by the judgment creditor were improperly incurred, those costs shall be paid by the judgment creditor.

(i) This Section is in addition to and does not affect enforcement of judgments or proceedings supplementary thereto, by any other methods now or hereafter provided by law.

(j) This Section does not grant the power to any court to order installment or other payments from, or compel the sale, delivery, surrender, assignment or conveyance of any property exempt by statute from the enforcement of a judgment thereon, a deduction order, garnishment, attachment, sequestration, process or other levy or seizure.

(k) (Blank).

(k-5) If the court determines that any property held by a third party respondent is wages pursuant to Section 12-801 [*735 ILCS 5/12-801*], the court shall proceed as if a wage deduction proceeding had been filed and proceed to enter such necessary and proper orders as would have been entered in a wage deduction proceeding including but not limited to the granting of the statutory exemptions allowed by Section 12-803 [*735 ILCS 5/12-803*] and all other remedies allowed plaintiff and defendant pursuant to Part 8 of Article 12 of this Act [*735 ILCS 5/12-801* et seq.].

(l) At any citation hearing at which the judgment debtor appears and seeks a declaration that certain of his or her income or assets are exempt, the court shall proceed to determine whether the property which the judgment debtor declares to be exempt is exempt from judgment. At any time before the return date specified on the citation, the judgment debtor may request, in writing, a hearing to declare exempt certain income and assets by notifying the clerk of the court before that time, using forms as may be provided by the clerk of the court. The clerk of the court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor, or the judgment creditor's attorney, regarding the time and location of the hearing. This notice may be sent by regular first class mail. At the hearing, the court shall immediately, unless for good cause shown that the hearing is to be continued, shall proceed to determine whether the property which the judgment debtor declares to be exempt is exempt from judgment. The restraining provisions of subsection (f) shall not apply to any property determined by the court to be exempt.

(m) The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:

(1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.

(2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.

The lien established under this Section does not affect the rights of citation respondents in property prior to the service of the citation upon them and does not affect the rights of bona fide purchasers or lenders without notice of the citation. The lien is effective for the period specified by Supreme Court Rule.

This subsection (m), as added by Public Act 88-48, is a declaration of existing law.

(n) If any provision of this Act or its application to any person or circumstance is held invalid, the invalidity of that provision or application does not affect the provisions or applications of the Act that can be given effect without the invalid provision or application.

**HISTORY:** Source: P.A. 84-1043; 88-48, § 5; 88-299, § 5; 88-667, § 20; 88-670, § 2-67; 89-364, § 45; 94-293, § 5; 94-306, § 5; 95-331, § 1085; 95-661, § 5.